**BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Executor of the Estate of Oscar Schneider, also known as Oscar M. Schneider, Deceased, Appellant,**

v.

**George G. LERNER, also known as Guy G. Lerner, Appellee.**

**No. 25281.**

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1968.

Michael Weintraub, Miami, Fla., for appellant.

Joseph I. Davis, Miami, Fla., for appellee.

## ON PETITION FOR REHEARING

Before POPE\*, TUTTLE and CLAYTON, Circuit Judges.

PER CURIAM:

In his petition for rehearing appellee Lerner complains of the statement contained in the original opinion, 5 Cir., 401 F.2d 439, "Moreover, the record is silent as to any authority in Dr. Lerner to endorse the check for deposit." In making such a contention, appellee points to the following language contained in the agreement with the Bank signed by the two parties to the joint account: "Each of the undersigned appoints the other attorney, with power to deposit in said joint account moneys of the other and for that purpose to endorse any check, draft, note or other instrument payable to the order of the other or both said joint depositors. \* \* \*"

It perhaps would have been better had our statement read, "Moreover, the record is silent as to any voluntary delivery of the check by the decedent to Dr. Lerner," rather than the record being silent as to actual authority to endorse the check. Such authority as is contained in the above quoted language must necessarily be based upon the assumption that what is dealt with there is a check or funds whose possession in the hands of the depositor can be adequately explained. It appears that the record is fully susceptible to the construction that for some reason or other the decedent wished not to deliver the check to Dr. Lerner before the time that Dr. Lerner endorsed it and deposited it in the joint account. In making this statement, we do not in any way imply that Dr. Lerner's conduct was in any way improper, but we must rely upon a record which is silent on the actual circumstances which would place the check in such posture as would then permit the agreement between the parties and the bank to be effectuated.

The petition for rehearing is overruled.

Because of illness, CLAYTON, Circuit Judge, took no part in the consideration of this order.